IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                          :       CHAPTER THIRTEEN
                                                :
DEVON RUSSELL POESNECKER                        :       BANKRUPTCY NO.: 5-07-bk-50507-JJT
a/k/a Devon R. Poesnecker                       :
a/k/a Devon Poesnecker                          :
                                                :
              DEBTOR                            :

# **OPINION**

This case has been reopened at the request of the parties in a state court action to address a discrete bankruptcy issue that arose in the context of that pending litigation. The Debtor, Devon Russell Poesnecker, filed for Chapter 13 relief in 2007[1]. In the bankruptcy, he proposed a plan providing for a 100% payout to unsecured creditors. Debtor's plan also provided that property of the estate would vest in the Debtor upon confirmation. Sometime after confirmation and before discharge and closure, the Debtor slipped and fell in an area allegedly controlled by the state court defendant. That potential claim was not reported to the bankruptcy court. After confirmation and before closure of the bankruptcy case, Poesnecker[2] initiated a lawsuit for damages against the state court defendant. That defendant has raised the defense of judicial estoppel in the state court. The Pennsylvania Supreme Court has defined judicial estoppel and its appropriate application. "As a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained." *Trowbridge v. Scranton Artificial Limb Company*, 560 Pa. 640, 747

---

[1] While no testimony was taken, the referenced facts have either been stipulated or are apparent from a review of the official docket.

[2] Poesnecker passed away on January 29, 2014, and the litigation continues through his administrator.

A.2d 862, 864 (2000). In a bankruptcy context, judicial estoppel is used to encourage debtors to make full disclosure of their interests in the bankruptcy court and not wait until "their lack of candor is discovered." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3rd Cir. 2003).

The state court judge, focusing on the threshold issue of whether Poesnecker had a duty to disclose this cause of action to the bankruptcy court, has agreed with the parties that this discrete issue should be decided by the bankruptcy court. Secondarily, the state court asks that I opine on whether, if there was a duty to disclose, was the decision not to do so made in "bad faith." The parties have agreed to bifurcate these questions. There is no dispute regarding the fact that the Debtor failed to report the incident. Whether there is a duty to so report is an issue of law. A conclusion that there was no such duty would end the inquiry in this Court.

Much has been written about this issue. There appears to be a possible conflict between two specific bankruptcy code sections. Attention is first directed to the relevant portion of § 1306 of the Bankruptcy Code:

§ 1306. Property of the estate

(a) Property of the estate includes, in addition to the property specified in section 541 of this title–

> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first;

11 U.S.C.A. § 1306

While this provision of the Code appears clear enough, its significance is somewhat

clouded by § 1327(b) which states: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

The reconciliation of these two provisions have resulted in various courts rendering alternative conclusions as to the specific responsibilities of a debtor when confronted with the acquisition of postconfirmation property. See *In re Wei-Fung Chang*, 438 B.R. 77 (Bkrtcy. M.D.Pa. 2010) and the cases cited therein. Unfortunately, there is no controlling case law in our Third Circuit.

Because a debtor has a duty to account for all "property of the estate" under § 521, it follows that there be a presumed duty to disclose to the court an identification of those items whenever received. The question becomes more problematic should I opt to find that this post-confirmation claim was not property of the estate because some courts have still found a duty of disclosure should there be uncertainty as to the status of that property. *In re Flugence,* 738 F.3d 126, (5th Cir.2013), *Robinson v. Tyson Foods, Inc.,* 595 F.3d 1269, 1274 (11th Cir. 2010) ("A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court.")

Various approaches have been formulated to determine whether property acquired after the confirmation of a 13 plan should be characterized as property of the estate. See, for example *In re Jones*, 657 F.3d 921 (9th Cir. 2011). I, frankly, do not find them helpful in a Circuit where there is uncertainty as to the status of this after acquired property. Even if there may be uncertainty as to whether property acquired while the estate is open and after property of the estate vests in the debtor, I find that the Third Circuit Court of Appeals has a significant history

of requiring full disclosure by the debtor. *In re Kane,* 628 F.3d 631 (3rd Cir. 2010); *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.,* 337 F.3d 314, 316 (3rd Cir. 2003); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3rd Cir. 1996); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir. 1988). I would think that would be especially true when the plain meaning rule requires that I take the language of § 1306 literally.

> It is the cardinal canon of statutory interpretation that a court must begin with the statutory language. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (internal citations and quotations omitted); *see also Price v. Del. State Police Fed. Credit Union*, 370 F.3d 362, 368 (3d Cir.2004) ("We are to begin with the text of a provision and, if its meaning is clear, end there."). Where the statutory language is unambiguous, the court should not consider statutory purpose or legislative history. *See AT&T, Inc. v. F.C.C.*, 582 F.3d 490, 498 (3d Cir.2009).
> In determining whether language is unambiguous, we "read the statute in its ordinary and natural sense." *Harvard Secured Creditors Liquidation Trust v. I.R.S.*, 568 F.3d 444, 451 (3d Cir.2009). A provision is ambiguous only where the disputed language is "reasonably susceptible of different interpretations." *Dobrek v. Phelan,* 419 F.3d 259, 264 (3d Cir.2005) (quoting *Nat'l R.R. Passenger Corp. v. Atchinson Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 473 n. 27, 105 S.Ct. 1441, 84 L.Ed.2d 432 (1985)).

*In re Philadelphia Newspapers, LLC,* 599 F.3d 298, 304 (3rd Cir. 2010).

Section 1306(a) clearly defines property acquired pre-closure as property of the estate.

The Debtor's brief relies heavily on the argument that this injury claim is not property of the estate and not reportable. I find, in the absence of controlling authority, a discussion of that nature is a red herring and misses the point of whether the claim should have been disclosed. The state court has not asked that I determine whether this is property of the estate but whether it should have been disclosed in this bankruptcy. The answer can only be an emphatic "yes."

First, any suggestion that property acquired after confirmation is NOT property of the estate, would be the antithesis of the clear reading of § 1306(a)(1). Second, the possibility that the claim could be classified as property of the estate also creates the chance that it becomes "unadministered property" of the estate which remains property of the estate after the closing of the case. 11 U.S.C. § 554(d). The automatic stay attaches to property of the estate until such time that it is no longer property of the estate. 11 U.S.C. § 362(c)(1). Its liquidation outside the bankruptcy would be a futile exercise by all participants. *In re Myers*, 491 F.3d 120, 128 (3rd Cir. 2007). Third, it would be entirely appropriate to assume that the reference to property of the estate in § 1327(b) vesting in the Debtor is temporal in time and speaks only as of the date of confirmation. *Barbosa v. Solomon*, 235 F.3d 31, 37 (1st Cir. 2000), *In re Waldron*, 536 F.3d 1239, 1243 (11th Cir. 2008). Fourth, if there was no duty to report assets acquired after the petition is filed, then the ability to move to modify the plan after confirmation to increase payments under § 1329(a) would be a hollow option. Fifth, the argument that the Debtor's fully completed 100% plan cuts off any reporting duty fails to recognize that inclusion of additional assets could allow for a modification that would require the payment of untimely filed claims, certain penalties, and interest under § 726(a)(3)(4), and/or (5) as may be required by § 1325(a)(4).

It is apparent that the effective administration of the Bankruptcy Code is inherently reliant on the full disclosure of all assets and potential assets that come to the attention of the Debtor during estate administration. It is for these reasons that I find the Debtor had a duty to disclose to the bankruptcy court the existence of this injury claim.

In accordance with the Stipulation of the parties, the Court schedules a status conference

with the parties to discuss the next phase of this litigation. Said conference will be held Tuesday, November 4, 2014, at 9:30 o'clock A.M. in Bankruptcy Courtroom No. 2, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania.

    My Order will follow.

By the Court,

*John J. Thomas*

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 30, 2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| DEVON RUSSELL POESNECKER | : | BANKRUPTCY NO.: 5-07-bk-50507-JJT |
| a/k/a Devon R. Poesnecker | : | |
| a/k/a Devon Poesnecker | : | |
| | : | |
| DEBTOR | : | |

# ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Debtor had a duty to disclose to the Bankruptcy Court the existence of the state court personal injury claim which was initiated after confirmation but prior to closure of the above case.

**IT IS FURTHER ORDERED** that the Court schedules a **STATUS CONFERENCE** with the parties to discuss the next phase of this litigation on **TUESDAY**, **NOVEMBER 4, 2014**, at **9:30** o'clock A.M. in Bankruptcy Courtroom No. 2, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania.

By the Court,

_John J. Thomas_
John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 30, 2014